IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES EDWARD WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-cv-469-RAH |
| ) | (WO) |
| ) | |
| ALABAMA DEPARTMENT ) | |
| OF CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 case is pending before the Court on a complaint filed by James Edward Walton, an indigent individual and former state inmate. Walton alleges that defendants' inaction constituted deliberate indifference to his safety while he was incarcerated at the Easterling Correctional Facility. Doc. 1 at 2–3. He seeks monetary damages from the defendants. Doc. 1 at 4. For the following reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that this case be dismissed without prejudice

The defendants filed a special report and a supplement to this report supported by relevant evidentiary materials, including affidavits, applicable institutional documents, and medical records, in which they address the claim presented by Walton. *See* Doc. 17, Docs. 17-1 thru 17-11, Doc. 19 and Docs. 19-1 thru 19-5. The defendants adamantly deny acting with deliberate indifference to Walton's safety.

Upon review of the defendants' report, supplement thereto and supporting evidentiary materials, the Court entered an order directing Walton to file a response to these documents. Doc. 20. The order advised Walton that his failure to respond to the report and supplement thereto as directed in the order would be treated by the Court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action.**" Doc. 20 at 1 (emphasis in original). Additionally, the Court "**specifically cautioned [Walton] that if he fails to file a response in compliance with the directives of this order the undersigned will recommend that this case be dismissed for such failure.**" Doc. 20 at 1 (emphasis in original). The time allotted for Walton to file a response in compliance with this order expired on October 6, 2020. Doc. 20 at 1. As of the present date, Walton has failed to file a response in compliance with this order.

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

The Court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*,

2

248 F. App'x 116, 117–18 (11th Cir. 2007). It is clear that Walton's inaction in the face of the defendants' reports and this Court's order suggests a loss of interest in the continued prosecution of this case. It further appears that any additional effort by this Court to secure Walton's compliance would be an unavailing use of this Court's scarce judicial resources. Consequently, the Court concludes the abandonment of this case by Walton and his failure to comply with an order of this Court warrant dismissal of his case. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **November 10, 2020,** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a

party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice"); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 27th day of October, 2020.

                                      /s/ Stephen M. Doyle
                                      STEPHEN M. DOYLE
                                      CHIEF UNITED STATES MAGISTRATE JUDGE